UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

WILLARD LEE CUTSHAW                    )
                                       )
                Petitioner,            )
                                       )
v.                                     )        Nos.    2:09-CR-70-RLJ-MCLC-1
                                       )                2:16-CV-106-RLJ
UNITED STATES OF AMERICA,              )
                                       )
                Respondent.            )

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 [Doc. 30]. Petitioner bases his request for relief on the

United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the

Court held that the residual clause of the Armed Career Criminal Act (ACCA) was

unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled a reduction in sentence

with regard to his conviction under 18 U.S.C. § 922(g) [Doc. 31] and both parties urge the

imposition of a revised of incarceration, supervised release [Docs. 32, 33]. For the reasons stated

below, the petition to vacate his sentence [Doc. 30] will be **GRANTED** and Petitioner's sentence

will be **CORRECTED** to 110 months' incarceration followed by three years' supervised release.

**I.      BACKGROUND**

On May 3, 2009, Petitioner physically assaulted his wife and threatened to kill her while

displaying a .22 caliber revolver [Presentence Investigation Report ("PSR") at ¶ 9]. He later pled

guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 16 ¶¶ 1, 4].

In this agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or

pleadings pursuant to 28 U.S.C. 2255," unless that motion raises "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)].

During promulgation of the PSR, the United States Probation Office deemed Petitioner to be an armed career criminal based on prior Tennessee convictions for aggravated assault [PSR ¶ 38], evading arrest [*Id.* ¶ 45], and two counts of aggravated burglary [*Id.* ¶ 23]. The Court agreed and, on April 9, 2010, Petitioner was subjected to the ACCA's mandatory fifteen-year term of imprisonment and five years' supervised release [Doc. 23]. No appeal was taken, and the judgment became final on April 23, 2010. *See Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. P. 4(b)(1)(A)(i) (2007) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14-days after . . . the entry of . . . judgment."); Fed. R. App. P. 26(a)(2) (2007) (excluding weekends and holidays).

Petitioner filed the current § 2255 petition on May 3, 2016, alleging he is no longer an armed career criminal in light of *Johnson* [Doc. 30]. The United States responded in support of collateral relief [Doc. 31] and both parties stipulated that an appropriate corrected sentence would be 110 months' incarceration followed by three years' supervision [Docs. 32, 33].

## II.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Thus, the petition falls safely within the one-year period for filing a timely request for *Johnson*-based relief [Doc. 30].[1]

## 1. STANDARD OF REVIEW AND ANALYSIS

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete

---

[1]      The Court finds that it need not address whether the waiver contained in Petitioner's plea agreement is enforceable, *see, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at * 37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice), due to the fact that Respondent expressly waives reliance upon it [Doc. 31 p. 1 ("[I]n the interests of justice, the United States expressly waives reliance on the § 2255 waiver with respect to [P]etitioner's *Johnson*-based claim.")].

3

miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III.    ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2).    However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1).    The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause").    18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."    135 S. Ct. at 2563.    *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."    *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause).    Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause.    *Compare United States v.*

4

*Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

Two of Petitioner's four predicate offenses were for Class D aggravated assault [PSR ¶ 38; Doc. 30-1] and felony evading arrest [PSR ¶ 45]. *See generally* Tenn. Code Ann. § 39-16-603 (outlining elements of evading arrest); Tenn. Code Ann. § 39-13-102 (defining Class D aggravated assault as recklessly committing an assault that results in serious bodily injury, death, or the display of a weapon). Neither offense qualifies as a violent felony under the ACCA's use-of-force clause because they do not involve the use, attempted use, or threatened use of violent force against another, *see United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the enumerated categories of violent felony. As such, the offense could only have qualified as a violent felony under the ACCA's residual clause. S*ee, e.g., United States v. Doyle*, 678 F.3d 429, 435–36 (6th Cir. 2012) (finding Class E felony evading arrest under Tennessee law, Tenn. Code Ann. § 39-16-603(b)(1), was a violent felony under the ACCA's residual clause); *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) (finding Class D aggravated assault qualifies as an ACCA predicate under the residual clause). The *Johnson* decision thus dictates that the convictions can no longer be used to designate Petitioner an armed career criminal under § 924(e), leaving him with only two ACCA

5

predicate offenses—the two counts of aggravated burglary. As a result, Petitioner's 180 month

terms of imprisonment and five years' supervised release for the gun offense [Doc. 23] exceed

his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 60 months'

incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever

knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than

[ten] years."). The Court thus finds that Petitioner has demonstrated a clear entitlement to

relief.[2]

Where a § 2255 claim has merit, district courts have the discretion to choose between

discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or

granting the petitioner a new trial. 28 U.S.C. § 2255(b). Had Petitioner never been classified as

---

[2]     The Court recognizes that Petitioner entered a Rule 11(c)(1)(C) plea agreement
stipulating to application of the ACCA as well as the fifteen-year statutory mandatory minimum
contained therein [Doc. 16 ¶ 2], *see* 18 U.S.C. § 924(e) (noting individuals who violate §
922(g)(1) and have three qualifying offenses "shall be . . . imprisoned not less than fifteen
years"); Fed. R. Crim. P. 11(c)(1)(C) (allowing government and defendant to "agree that a
specific sentence or sentencing range is the appropriate disposition of the case, or that a
particular . . . sentencing factor does or does not apply"), and that a some courts have found no
cognizable § 2255 claim exists where a petitioner attempts to challenge a sentence imposed in
accordance with a Rule 11(c)(1)(C) stipulation based on errors in sentence calculation, *see e.g.*,
*United States v. Addonizio*, 442 U.S. 178, 185 (1979) (explaining that sentencing errors are not
typically cognizable under § 2255 and that non-jurisdictional, non-constitutional errors of law
only support collateral relief where "the claimed error constitutes 'a fundamental defect which
inherently results in a complete miscarriage of justice'" (quoting *Hill v. United States*, 368 U.S.
424, 428 (1979)); *United States v. Peterson*, 916 F. Supp. 2d 102, 108–110 (D.D.C. 2013)
(explaining petitioner failed to state a cognizable § 2255 claim where he stipulated to sentence in
a Rule 11(c)(1)(C) plea agreement because such fact made it "highly unlikely that the
[sentencing] error . . . amount[ed] to a miscarriage of justice"). The Court finds the current
situation distinguishable. A unique consequence of *Johnson* is that prisoners improperly
subjected to § 924(e)'s mandatory statutory minimum are uniformly left with sentences,
stipulated or not, exceeding the congressionally authorized maximum punishment sanctioned for
non-ACCA violations of § 922(g)(1). The plain language of § 2255 itself reveals that such
claims are quintessentially within the scope of the provision because they challenge a sentence
"imposed in violation of the Constitution[,] . . . that the court was without jurisdiction to
impose[, and] . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

an armed career criminal, his unenhanced base offense level of 24 would have yielded an applicable guidelines range of 110 to 137 months' imprisonment after application of an enhancement for possession of a firearm in connection with the felony offense of aggravated domestic assault [PSR ¶ 15], three level reduction for acceptance of responsibility [*Id.* ¶ 21], and criminal history category of VI [*Id.* ¶ 56]. Both parties agree that a within-guideline sentence of 110 months' incarceration followed by three years' supervised release satisfies the factors outlined in 18 U.S.C. § 3553 while providing Petitioner with credit for his acceptance of responsibility [Docs. 32, 33]. The Court agrees, and thereby finds resentencing to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. CONCLUSION

For the reasons discussed above, the § 2255 petition [Doc. 30] will be **GRANTED** so far as it seeks *Johnson*-based relief. As such, the sentence dated April 9, 2010 [Doc. 23] will be **CORRECTED** to reflect a revised term of 110 months' incarceration followed by three years' supervised release consistent with Petitioner's exposure under 18 U.S.C. § 924(a)(1)(D)(2). Further, the Clerk's Office will be **DIRECTED** to prepare an amended judgment to that effect.

**IT IS SO ORDERED.**

ENTER:

_____
s/ Leon Jordan
United States District Judge

7